PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Permanently Pending Disciplinary Proceedings pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition states:
1. The [Respondent] is 37 years old and has been a member of The Florida Bar since 1968.
*1122 2. [Respondent] received a private reprimand on July 25, 1978, (Case Number 11H77M50). The [Respondent] was retained by a newspaper to collect money on accounts owed to the newspaper from advertisers with the newspaper. With regard to his collection efforts on many of the accounts, it was apparent that the [Respondent] was guilty of neglect. The Grievance Committee recommended acceptance of the [Respondent’s] conditional guilty plea for a grievance committee private reprimand. The Board of Governors approved the consent judgment.
3. Cases or complaints against the [Respondent] currently open are 11H80M31 (complaint by Leone Kane), 11H80M62 (complaint by Roger A. Levine), 11H80M63 (complaint by Lisa Cam-po) and 11H80M47 (complaint by Charles Kline).
4. The complaint of Leone Kane involved [Respondent’s] efforts as a collection attorney. The allegations were that he failed to remit funds he collected on behalf of creditors and did not properly utilize funds that were given him to institute a lawsuit. The allegations constitute a violation of Disciplinary Rule 9-102(B)(4) and Integration Rule 11.02(4). The Grievance Committee found probable cause without a formal hearing after [Respondent] failed to respond to the allegations set forth in the complaint.
5. The complaint of Roger A. Levine involved allegations that [Respondent] was paid a fee and given money for filing fees in collection cases but took no action. These allegations constitute a violation of Disciplinary Rule 6-101(A)(3).
6. The complaint of Lisa Campo involved allegations that [Respondent] failed to take any action after being retained by complainant to represent her in a divorce action. The allegations constitute a violation of Disciplinary Rule 6-101(A)(3).
7. The complaint of Charles Kline involved allegations that [Respondent] criminally diverted funds in excess of $500,000 belonging to the University of Miami Hospital and Clinics and the National Children’s Cardiac Hospital. These allegations were the basis of criminal proceedings in which the [Respondent] was adjudged guilty of certain counts .... This misconduct constitutes a violation of Disciplinary Rule 1-102(A)(3) and (4).
8. [Respondent] acknowledges he violated the Code of Professional Responsibility, and pleads guilty to the complaints as presented in cases 11H80M31, 11H80M62, 11H80M63 and 11H80M47.
9. To the best of [Respondent’s] knowledge and belief, no other cases or complaints are currently under investigation.
10. [Respondent] agrees to cooperate with any Clients Security Fund investigation conducted by The Florida Bar.
11. [Respondent] agrees to a waiver of confidentiality regarding this matter.
12. [Respondent] is no longer actively engaged in the practice of law and is not holding any funds in trust. An Order Appointing Inventory Attorneys was issued by Judge Jack M. Turner on April 1, 1980 upon a finding that [Respondent] had disappeared and left no partner, executor, or other responsible party to conduct his affairs.
13. On December 8, 1980, [Respondent] was adjudged guilty of Grand Larceny (two counts) and Grand Theft— Second Degree (thirteen counts) in the Circuit Court of the Eleventh Judicial Circuit of Florida, In and For Dade County (Case No. 80-15248).
14. [Respondent] was sentenced to Probation which included incarceration and as an Additional Special Condition of Probation On All Counts, [Respondent] is required to permanently resign from The Florida Bar ....
15. A Notice of Felony Conviction has been or will be filed by The Florida Bar.
16. This petition is without leave to apply for readmission permanently.
17. The granting of the instant Petition will cause no harm to the public or the administration of justice.
18. [Respondent] fully and voluntarily submits this Petition.
*1123 The Florida Bar having now filed its response supporting the Petition for Leave to Resign Permanently on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Permanently is hereby approved and Respondent’s resignation shall be effective immediately.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ALDERMAN and Mc-DONALD, JJ., concur.